UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-011** |
| **TIMOTHY HOOPER, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION "I"(4)** |

## ORDER AND REASONS

Petitioner Charles Williams through counsel filed a **Motion to Stay and Abey (ECF No. 5)** to preserve his federal habeas corpus filing limitations period while he completesd review of his then-pending writ application before the Louisiana Supreme Court in Writ No. 23-KP-01212. Williams's petition for writ of habeas corpus under 28 U.S.C. § 2254 challenges his 2017 St. Bernard Parish conviction for first degree rape of a victim under the age of 13. ECF No. 1, at 1; ECF No. 15, at 2. On February 5, 2024, the State filed an opposition to the motion asserting that a stay and abeyance was unwarranted because the underlying habeas claims could be denied without further exhaustion. ECF No. 14.

The United States Supreme Court has decreed that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court cautioned that a stay-and-abeyance "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. A stay is appropriate only when the district court determines that there was "good cause" for the failure to fully exhaust state court review. *Id*. A "protective petition", like that filed by petitioner, also is allowed under Supreme Court precedent, but only when the petitioner has diligently pursued exhaustion in a procedurally proper manner and seeks to suspend the federal statute of limitations

which otherwise may be compromised before he can obtain complete exhaustion. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

In this case, Williams' request for a stay was based on his efforts to complete exhaustion of state court review of the claims now asserted in his federal petition. Based on this Court's research, the Louisiana Supreme Court has this day denied Williams' writ application, Writ No. 2023-KP-01212, for his failure to meet his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), and citing La. Code Crim. Proc. arts. 930.2 and 930.4. *See* La. Sup. Ct. News Release, No. 007, Feb. 6, 2024 (https://www.lasc.org/Actions?p=2024-007) (ruling not yet published).

Williams' case does not fit the restrictive parameters recognized for the granting of a stay and abeyance as the Louisiana Supreme Court has decreed that no further state court post-conviction review is available to him. *Id*. at 2 (per curiam). Accordingly,

**IT IS ORDERED** that Charles Williams's **Motion to Stay and Abey (ECF No. 5) is DENIED**.

New Orleans, Louisiana, this  6th  day of February, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**